UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CARLTON BANKS, JR.**, | ) | Case No. 1:05 CV 1141 |
| | ) | |
| Petitioner, | ) | Judge Patricia A. Gaughan |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **MARGARET BRADSHAW**, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Carlton Banks, Jr. is a state prisoner, who with the assistance of counsel seeks federal habeas corpus relief under 28 U.S.C. §2254 to vacate his negotiated guilty pleas and the 15-year sentence he received after conviction in Cuyahoga County Common Pleas Court.  A brief history of this case begins on June 14, 2002 when Banks pled guilty in Case CR421541 to involuntary manslaughter, failure to comply with an order from a police officer and aggravated assault which were half the charges contained in the indictment.  In Case No. CR 420197 Banks pled guilty to possession of drugs and drug trafficking.  All the remaining counts were nolled.  In his first appeal he obtained a partial victory of remand for resentencing because the trial court failed to make the proper findings pertaining to proportionality when ordering consecutive sentences. See State's Memorandum in Response to Jurisdiction, 2004 WL 5299929 at *1 (Ohio); *State v. Banks*, 2002 WL 32059160, 2003 - Ohio - 1171 (Ohio App. 8 Dist.), appeal not allowed, 99 Ohio St.3d 1514, 792 N.E.2d 201, 2003 Ohio - 3957 (Table 2003). The trial court resentenced Banks again to consecutive sentences for a total of 15 years on October 15, 2003.

1:05 CV 1141                                    2

Banks moved to withdraw his guilty pleas and appealed  unsuccessfully. The state appellate court agreed that this second sentence was in error due to the trial court's augmentation of the sentence based on  finding that Banks was a "repeat violent offender,"when he was not. However, the state appellate court decision was that this error was harmless. See *State v. Banks*, 2004 WL 1902376, 2004 - Ohio - 4478 (Ohio App. 8 Dist.), appeal not allowed, 105 Ohio St.3d 1407, 821 N.E.2d 1027, 2005 - Ohio - 279 (Table 2005); reconsideration denied, 105 Ohio St.3d 1473, 824 N.E.2d 542, 2005 - Ohio - 1186 (Table 2005).  Banks thereafter applied for federal habeas corpus review, followed by respondent's motion to dismiss (See ECF #1, 6).   The undersigned recommended that the motion to dismiss be denied and respondent then sought leave to withdraw the motion to dismiss (ECF #12, 13).  Both were accepted by the court (ECF #14).  Subsequently, respondent answered and supplemented her answer twice and Banks has filed his traverse (ECF #15-18).  Banks has raised four grounds for habeas relief.

>*GROUND ONE:*      Sixth and Fourteenth Amendment.
>
>Supporting Facts:      Petitioner was sentenced to an  enhanced  terms of imprisonment when the maximum sentence was based on facts not alleged in the indictment nor admitted by petitioner.

Subsequent to his October 2003 resentencing Banks argued before the Ohio Supreme Court that this  case was a matter of great public and general interest due to the then recent decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  (See Memorandum in Support of Jurisdiction, Respondent's Ex. T, 2004 WL 5299928, at *1 (Ohio)). At the time Banks was sentenced, state statutory sentencing requirements mandated the "shortest prison terms

authorized for the offense" under Ohio Rev.. Code §2929.14(B) unless one or more of the exceptions

from §2929.14(B), (C) or (D) applied. In resentencing Banks on the maximum term for involuntary

manslaughter, the trial court found that exceptions from subsections B(2) and C applied because

Banks committed the worst form of the offense and posed a great likelihood of reoffending. *Banks*,

at ¶ 40.  The trial court also incorrectly relied on the exception from subsection D concerning a

nonexistent "repeat violent offender" indictment specification. These findings were made post-plea

by the court and were based on facts not admitted by Banks in his pleas which resulted in sentences

in excess of the statutory maximum, as that term statutory maximum was clarified in *Blakely v.*

*Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a decision announced on June

24, 2004, while Banks appeal was pending.[1]


Respondent argues that the first ground for relief was procedurally defaulted due to Banks'

failure to fairly present it to the Ohio Supreme Court. The failure to "fairly present" the federal

ground of a state's highest court  arises out of the exhaustion doctrine.  See *O'Sullivan v. Boerckel*,

526 U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999); *Teague v. Lane*, 489 U.S.

---

[1]  The Supreme Court explained the development of this issue from a historical perspective stating:

As this Court's decisions instruct, the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). "[T]he relevant 'statutory maximum,' " this Court has clarified, "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely*, 542 U.S., at 303-304, 124 S.Ct. 2531 (emphasis in original).

*Cunningham v. California,* 549 U.S. 270*,* 127 S.Ct. 856, 860, 166 L.Ed.2d 856 (2007).

1:05 CV 1141                                    4

288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 n.

1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991).   The fair presentation principle applies not

only to those situations where petitioner has failed to raise his claim to the state's highest court for

review but also where it has been presented, "in such a manner that the state court could not,

consistent with its own procedural rules, have entered it." *Edwards v. Carpenter*, 529 U.S. 446, 453,

120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000).   Respondent argues that the state's highest court

review of this first ground is barred because it is a rule of long standing in the state of Ohio that a

criminal constitutional question cannot be raised in the Supreme Court of Ohio unless it was

presented and argued in the court below, citing *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347

(1971); *State v. Sanders*, 92 Ohio St.3d 245, 750 N.E.2d 90, 2001 - Ohio - 189 (2001). Banks retorts

that *Blakely* applied to his case because no final judgment had yet been entered due to his pending

appeal with Ohio's Supreme Court.  Banks misses the point.


Respondent is partially correct, but as with any rule, there is an exception. The Ohio

Supreme Court follows a general rule that it will not consider constitutional claims not raised and

presented in an Ohio Court of Appeals. See *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.

1982); *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (citing *State v. Phillips*, 27 Ohio St.2d 294,

272 N.E.2d 347, 56 O.O.2d 114 (1971)). This rule from *Phillips* proved to be overly rigid and was

relaxed in *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 296 (1988), to allow the Ohio Supreme Court

to overlook waiver "to consider constitutional challenges to the application of statutes in specific

cases of plain error or where the right and interest involved may warrant it." *In re M.D.*, 38 Ohio

St.3d at 149, 527 N.E.2d at 286 (syllabus).

1:05 CV 1141                                                   5

Banks' *Blakely* argument falls within the procedurally permissible constitutional challenges to Ohio's sentencing scheme excepted from the general rule as illustrated by the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006 - Ohio - 856 (2006), *cert. denied* - U.S. -, 127 S.Ct. 442, 166 L.Ed.2d 314 (2006).  In *Foster*, the Ohio Supreme Court applied the Supreme Court's decisions from *Blakely* and *United States v. Booker*,  543 U.S. 220, 125 S.Ct. 738, 116 L.Ed.2d 621 (2005) to eviscerate Ohio Rev. Code §2929.14(B)'s presumption in favor of minimum sentences and severed sections §2929.14(B) and (C)'s factfinding requirements in regard to maximum and consecutive sentences.  See *Foster*, 109 Ohio St.30 at 20.  One of the four cases before it in its decision was that from Ohio's Fifth Appellate District which had not considered *Blakely*.  See *Foster*, 109 Ohio St.3d at 7, compare *State v. Foster*, 2004 WL 1789514, 2004 - Ohio - 4209 (Ohio App. 5 Dist.). As in the *Foster* case itself,  Banks' *Blakely* argument was reviewable despite Banks' failure to anticipate the Supreme Court's decision when he briefed his arguments to a state district appellate court.


That being said, the Ohio Supreme Court dismissed Banks' appeal as presenting no substantial constitutional question and it certainly was correct.  Banks argues simply that he was over-sentenced as a repeat offender without any indictment specification as required under Ohio Rev. Code §2941.149.  See Memorandum in Support of Jurisdiction, Respondent's Exhibit T, 2004 WL 5299928, at *12. Under Ohio's sentencing procedure, a repeat violent offender is eligible for the longest applicable term for a felony conviction.  See Ohio Rev. Code §2929.14(D)(2)(a). However the predicate is an indictment specification as described under Ohio Rev. Code §2941.149

1:05 CV 1141                                            6

that the offender was a repeat violent offender.  No such specification was present in Banks'

indictments.  See *Banks*, 2004 WL 1902376, at ¶41.

The state appellate court found this to be harmless error since the trial court also based the

maximum sentence for the involuntary manslaughter conviction on findings that Banks committed

the worst form of the offense and he posed a great likelihood of reoffending.  *Id.*.at 40. On appeal

to Ohio's Supreme Court, Banks maintained that any variance between the indictment and proof

destroys the substantial right to be tried only on the indictment and is not harmless error.

Memorandum in Support of Jurisdiction, Resp. Ex. T, 2004 WL 5299928, at *12.

The undersigned does not view the trial court's misstatement as *Blakely* error since the trial

court could not sentence Banks as a repeat violent offender as a matter of state procedure. The trial

court was prohibited from reliance on repeat violent offender status and this is certainly not an issue

covered in *Blakely*.  Nonetheless, even if this misstatement is construed as a violation of *Blakely*,

the error was  harmless error.  See *Washington v. Recuenco*, 548 U.S. 212, 126 S.Ct. 2546, 165

L.Ed.2d 466 (2006)( *Blakely* error is not structural error and a finding of  harmless error is

permissible) . The undersigned notes that the trial court did not impose an additional definite prison

term of one to ten years as allowed under §2929.14(D)(2)(b) for repeat violent offenders.  As a

result, removal of repeat violent offender factor does not change the result. The failure to present

Banks' status as a repeat violent offender to the jury or the lack of admission clearly  did not affect

his sentence.  See *U.S. v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (citing *Williams v. U.S.*, 503

U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)); *U.S. v. Oliver*, 397 F.3d 369, 380-81 (6th

1:05 CV 1141                                    7

Cir. 2005).  In reality Banks was not sentenced as a repeat violent offender.[2]  Accordingly, this

argument fails to establish a violation of the right to trial by jury as set forth in *Blakely.*


       ***GROUND TWO:***     Sixth and Fourteenth Amendment.

       Supporting Facts:     Petitioner was denied effective assistance of counsel. Petitioner attempted to withdraw his pleas of guilty based upon ineffective assistance of counsel. This was denied. Petitioner's counsel at the time of his plea had made an improper and inadequate investigation. Moreover, petitioner lacked an understanding of the nature of the offense to which he was entering a plea of guilty.


       Respondent argues that this ground alleging ineffective assistance of trial counsel had not

been fairly presented to the state's highest court and again respondent is incorrect.  The second

ground contains two arguments under the topic of counsel's ineffectiveness alleging prejudice to the

plea process due to lack of understanding of the nature of the offense, and failure to investigate.

Respondent concedes that these arguments were presented as the first proposition of law to the Ohio

Supreme Court, but contends incorrectly that the were not raised to the state appellate district court

so their review by the Ohio Supreme Court was precluded by the state procedural rule from *State*

*v. Phillips.*[3]     This argument fails ultimately because the state appellate district court did

_____

    [2] The trial court did rely on the other factors of the worst form of the offense and great likelihood of reoffending from §2929.14 (B) and (C), which the Ohio Supreme Court subsequently found violated *Blakely*'s jury-finding requirement. See *State v. Elmore*, 111 Ohio St.3d 515, 535-36, 857 N.E.2d 547, 569-70 (2006); *Foster*, 109 Ohio St.3d at 20.  Banks, however, did not raise any sentence challenges under §2929.14 (B) or (C), but only to its mistaken reference to §2929.14(D) despite the lack of a §2941.149 indictment specification.  See Memorandum in Support of Jurisdiction, 2004 WL 5299928, at *12.

    [3] Respondent relies also on the principle of failure to present the federal ground under the same theory.  See *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  Insofar as its presentation to the state's highest court, it was presented there and in federal court on the same theory.

1:05 CV 1141                                    8

acknowledge that Banks was claiming ineffective assistance of counsel and it did find that Banks

was not denied effective assistance of counsel.  *Banks*, 2004 WL 1902376, at ¶15. Obviously, this

ground was fairly presented as an assignment of error to the state appellate court prior to its

presentation to the state supreme court and the rule from *Phillips* does not apply.


Respondent next contends that this second ground is procedurally defaulted because Banks

failed to file a transcript.   The state decision did note the lack of the transcript but did not treat this

as a procedural default.  Instead, it used this omission to raise the presumption of regularity in the

trial court proceedings:

> First, we note that Banks made no effort to withdraw his plea when he appeared for his first sentencing hearing and "discovered" it was a different judge, which would be quite obvious since the judges were different genders. Second, we fail to see how the use of a cane would somehow inhibit Banks' ability to understand the proceeding.
>
> Moreover, Banks failed to file a transcript of the original plea in accord with App.R. 9(B); therefore, it is impossible for us to review the actual plea. When the transcript, or portion thereof, necessary for the determination of an assigned error is omitted, a reviewing court must presume the validity of the proceedings below. See *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617. Therefore, we presume that the trial court substantially complied with the requirements of Crim.R. 11, and Banks' plea of guilt was made knowingly, intelligently, and voluntarily. Furthermore, this court already determined that Banks was not denied effective assistance of counsel. See *State v. Banks*, Cuyahoga App. Nos. 81679, 81680, 2003-Ohio-1530, P46-51. In conclusion, we find that Banks did not present evidence sufficient to demonstrate that his conviction resulted in a manifest injustice to this court or the court below.

*State v. Banks,*  2004 WL 1902376, at ¶ 15

1:05 CV 1141                                        9

The rule is that "a procedural default does not bar consideration of a federal claim on either direct or habeas review under the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007) (quoting *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citation omitted)).  In matters where it is unclear what ground or grounds the state decision rested and the federal reviewing court is unable to say that the state decision "clearly and expressly" rests on a state procedural bar then the claim is not treated as procedurally defaulted. *Id.*, at 754; and see *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003); *Clinkscale v. Carter*, 375 F.3d 430, 450 (6th Cir. 2004).[4]  This ground cannot be treated as procedurally defaulted because the state decision addressed the merits, it rested on the merits, and  it did not "clearly and expressly" evidence intent to rely on state procedural rule.

 Turning now to the merits of Banks' second ground, the state decision found that counsel had been effective.  It, like Bank's assignment of error, did not cite to the appropriate general standard from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or the particularized standard of review from *Hill v. Lockhart*, 474 U.S. 52, 106 St. 366, 88 L.Ed.2d 203 (1985), which applies to plea-negotiated convictions.  This omission provides Banks no advantage, however,  since a deferential standard of review applies to the state decision, which liberally states, "that a state court need not even be aware of all precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S.

---

[4] Similar to *Clinkscale,* the state decision referred to the prior resolution of the issue of counsel's ineffectiveness from the prior appeal.  See *Banks*, at ¶15; *Clinkscale*, 375 F.3d at 442.

1:05 CV 1141                                    10

12, 16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003), quoting *Early v. Packer*, 537 U.S. 3, 7-8, 123 S.Ct.

352, 154 L.Ed.2d 263 (2000) (*per curiam*).


   In the context of guilty pleas, in order to satisfy Sixth Amendment claim of ineffective

assistance of counsel, Banks must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty, and would have insisted on going to trial.  See *Hill v.

Lockhart*, 474 U.S. at 59.  One fact noted by the state decision stands in the way of this ground. In

his initial appeal he argued that counsel was ineffective at *sentencing*. He did not claim that his pleas

were uninformed.  Banks did not seek to withdraw his pleas in his first appeal, although he was

represented on appeal by the same counsel as  in the second appeal (See Memorandum in Support

of Jurisdiction, p. 13-14, Resp. Ex. T).  As the state appellate court noted, it had previously rejected

the claim of ineffective assistance.  The fact that Banks did not contend that his pleas were

involuntary and unintelligently entered after his plea agreement reinforces the conclusion that Banks

has not shown a reasonable probability that but for counsel's errors he would not have pleaded guilty

and would have insisted on going to trial.  Accordingly, the state decision denying this Sixth

Amendment claim on counsel's effectiveness was neither contrary to nor an unreasonable

application of *Strickland* and *Hill* as Banks is required to establish under 28 U.S.C. §2254(d).


      ***GROUND THREE:***  Sixth and Fourteenth Amendment.

      Supporting Facts:  Petitioner was sentenced by a judge who did not
                  accept the plea.   The court made factual
                  determinations without seeing or hearing any
                  witnesses.  Moreover, petitioner's sentence was (sic)
                  in accordance with law which required the court

imposing the sentence impose a proportionate sentence for like and similar offenders.

The third ground is composed of three arguments.  The first argument is that Banks was sentenced by a judge who did not accept the plea.  This argument was never raised in any of the prior state appeals.  Similar arguments were raised in the initial appeal where Banks argued both that defendant was denied due process of law when he was not sentenced before "a fair tribunal," and counsel's alleged ineffectiveness for failing to object.  See Assignments of Error, Respondent's Ex. I, Memorandum in Support of Jurisdiction, Respondent's Ex. L.  Of course fairness and unity are very different concepts as are judicial error and counsel's error.

Before a state prisoner may seek a writ of habeas corpus in federal court, he must first exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court and to all appropriate state courts prior to that.  28 U.S.C. 2254 (b), (c); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  Fair presentation of all constitutional claims requires that the state courts are afforded "a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  To be "fairly presented" the federal ground must also be presented under the same theory as presented in the state court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  "Relatedness of

1:05 CV 1141                                      12

the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6ᵗʰ Cir. 2001).

Consequently a claim raised under the motif of ineffective assistance of counsel *in state court* is not

the same claim when raised in federal court as trial error.  See *Lott*, 261 F.3d 611-12.


A failure to fairly present the federal ground to the state's highest court constitutes an

adequate and independent state procedural rule barring habeas review.  See *Leroy v. Marshall*, 757

F.2d 94, 99 (6ᵗʰ Cir. 1985), *cert. denied*, 474 U.S. 831 (1985); *Rust v. Zent*, 17 F.3d 155, 160 (6ᵗʰ

Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6ᵗʰ Cir. 2004), *cert. denied* 546 U.S. 821 (2005).

Moreover, this is not simply a matter of state procedure but the lack of "fair presentation" is also a

concern of federal comity.  This procedural default serves to protect the integrity of the federal

exhaustion rule "by avoiding the 'unseem[liness]' of a federal district court's overturning a state

court conviction without the state court's having had the opportunity to correct the constitutional

violation in the first instance."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732,

144 L.Ed.2d 1 (1999); see also *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115

L.Ed.2d 640 (1991); *Teague v. Lane*, 489 U.S. 288, 797-99, 109 S.Ct. 1660, 103 L.Ed.2d 334

(1989);  *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518

(2000) (discussing the "inseparability" and "interplay" of the exhaustion rule and the procedural-

fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).


In this situation, federal collateral review is barred, but Banks  may overcome this bar by a

demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim to

the state's highest court, or alternatively by showing a fundamental miscarriage of justice that

1:05 CV 1141                                            13

resulted in the conviction of an actual innocent.  See *Schlup v.* Delo, 513 U.S. 298, 320-322, 115

S.Ct. 851, 863, 130 L.Ed.2d 808 (1995); *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102

S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*,  547 U.S. 518, 521-522, 536-37, 126

S.Ct. 2064, 2068, 2076, 165 L.Ed.1 (2006).  Banks fails to show "cause" and since these terms are

conjunctive  the failure to show "cause" terminates this part of the analysis.  See *Murray*, 477 U.S.

at 497.


This leaves the final issue whether Banks can show a "fundamental miscarriage of justice"

resulting in the conviction of one who is actually innocent to escape the procedural bar to federal

review.  See *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 1852, 158 L.Ed. 2d 659 ( (2004);

*Murray*, 477 U.S. at 495-96.; *Schlup v. Delo*, 513 U.S. at 327, 115 S.Ct. at 867, 130 L.Ed.2d 808

(1995). To succeed, Banks would need to present "new reliable evidence. . . that was not presented

at trial" *Schlup*, 513 U.S. at 324. "A prototypical example of 'actual innocence' in a colloquial sense

is the case where the State has convicted the wrong person of the crime."  *Sawyer v. Whitley*, 505

U.S. 333, 340, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). "In *Schlup*, the [ Supreme] Court

adopted a specific rule to implement this general principle. It held that prisoners asserting innocence

as a gateway to defaulted claims must establish that, in light of new evidence,'it is more likely than

not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House*

*v. Bell,* 547 U.S. at 536-37,  126 S.Ct. at 2076 -2077.  This requires support from, "allegations of

constitutional error with new reliable evidence — whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial."

*Schlup*, 513 U.S. at 324; *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). Banks

1:05 CV 1141                                       14

has not shown actual innocence as a gateway for federal review of the ground.  Accordingly federal review is barred.

The second part of the third ground consists of the argument that the trial court made factual determinations without seeing or hearing any witnesses.  Respondent points out that the state appellate court dismissed this ground because it was "unclear what banks he is referring to when he alleges that the court made factual determinations . . ."  The court found that pursuant to Ohio App. R. 12(A)(2) it may disregard the assignment of error for failing to articulate its basis.

When respondent argues that the ground has been defaulted due to a state procedural rule, a four-part analysis must be performed in order to verify the validity of the procedural rule that constituted the basis for the alleged procedural default:

> (1) whether there is a procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to follow this rule;
> (2) whether the state courts actually enforced the state procedural rule; (3) whether the state procedural rule is an adequate and independent state ground to foreclose federal relief; and if so (4) whether the petitioner has established cause for his failure to follow the rule and prejudice by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986); and see *White v. Schotten*, 201 F.3d 743, 749-51 (6th Cir.2000), cert. denied, 531 U.S. 940, 121 S.Ct. 332, 148 L.Ed.2d 267 (2000); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir.2001); *Carver v. Staub*, 349 F.3d 340, 346 (6th Cir.2003).

1:05 CV 1141                                    15

The state decision relied on Ohio App. R. 12(A)(2) which permits the appellate court to "disregard an assignment of error . . . if the party raising it fails to identify in the record the error on which the assignment of error is based . . ." *Banks*, at ¶¶17-19.  This state procedural rule was applicable to Banks' claim and was actually enforced. The only remaining question is whether the state rule was adequate and independent. A procedural rule dismissing a federal claim, for a reason other than lack of merit, must be both adequate and independent. See *Fay v. Noia*, 372 U.S. 391, 398-99, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); *Ford v. Georgia*, 498 U.S. 411, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991); *Lee v. Kenma*, 534 U.S. 362, 375, 122 S.Ct. 877, 151 L.Ed .2d 810 (2002). To be adequate, the state procedural rule must be both "firmly established and regularly followed" at the time it was applied by the state court. See *Ford v. Georgia*, 498 U.S. at 424. Rules that are firmly established and regularly followed will be adequate to foreclose review of the federal claim. See *James v.. Kentucky*, 466 U.S. 341, 348, 104 S.Ct. 1830, 80 L.Ed.2d 386 (1984); *Ford v. Georgia*, 498 U.S. at 422-24, Lee, 534 U.S. at 376; *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir.2002). When judicial discretion enters into the application of the state procedural rule the "adequacy and independence" of the rule potentially is open to question. See *Scott v. Mitchell*, 209 F.3d 854, 869 (6th Cir.2000), cert. denied, 531 U.S. 1021 (2000); *Rogers v. House*, 144 F.3d 990, 993 (6th Cir.1998). Adequacy of the state procedural rule is itself a federal question." See *Douglas v. Alabama*, 380 U.S. at 422. The state appellate procedural rule did not require review of any merits and it had a discernable standard of application. It was an adequate and independent state rule which bars federal review. Finally, Banks has failed to establish cause to excuse the default nor actual innocence. Accordingly, federal habeas review of the second subargument under this ground is barred.

1:05 CV 1141                                          16

The third part of Banks' third ground is his claim of trial court error for failure to impose a proportionate sentence.  Respondent counters that his claim presents a question of state law.  It is clearly established law, however, that sentencing must satisfy the due process clause.  See *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-05, 51 L.Ed.2d 393 (1977).  The state appellate court found that the 15-year sentence imposed on Banks was "consistent with the sentence imposed for similar crimes committed by similar offenders" for purposes of Ohio Rev. Code §2929.11(B). *State v. Banks*, 2004 WL 1902376 at ¶¶21-32.  The state appellate court quoted the trial court's explanation from the transcript and concluded that the trial court had made the proper findings with regard to proportionality.  The state appellate court concluded there was no denial of due process as a matter of state law with respect to proportionality review as mandated under state statute. Banks had the process that was due him under state proportionality review.


Banks argues that *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) required consistent sentences imposed for similar crimes by similar offenders.  See Memorandum in Support of Jurisdiction, Respondent's Ex. T (2004 WL 5299928 at *11).  The Supreme Court's decision in *Williams* has nothing to do with proportionality and in fact upheld the practice in New York of allowing additional information obtained through the court's probation department and through other sources notwithstanding the fact it was supplied in part by witnesses with whom the accused had not been confronted and whom he had no opportunity to cross-examine or rebut.  *Id.* That decision was distinguished in *Blakely* which pointed out that it "involved an indeterminate sentencing regime that allowed a judge (but did not compel him) to rely on facts outside the trial record in determining whether to sentence a defendant to death.  337 U.S., at 242-43 and n. 2. . . .

1:05 CV 1141                                   17

This did not involve 'a sentence greater than what state law authorized on the basis of the verdict alone.'"  *Blakely v. Washington*, 542 U.S. at 304-05, 124 S.Ct. at 2538.  It is difficult to perceive what point Banks is attempting to draw since *Williams v. New York* supports neither his proportionality argument nor his *Blakely* argument.


In any event, as a matter of federal law, proportionality review falls under the Eighth Amendment, not the Sixth Amendment.  "The Eighth Amendment, which forbids cruel and unusual punishment, contains a 'narrow proportionality principle that 'applies to non-capital sentences.'"  *Ewing v. California*, 538 U.S. 11, 20, 123 S.Ct. 1179, 1185, 155 L.Ed.2d, 144 (2003)(quoting *Harmelin v. Michigan*, 501 U.S. 957, 966-97, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1981) (Kennedy, J., concurring in part and concurring in judgment)).  However the contra of this right "aren't clear" and "applicable only in the 'exceedingly rare' and 'extreme' case.  *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003) (quoting *Harmelin*, 501 U.S. at 1001).  Again this is all a matter of the Eighth Amendment and Banks has not presented an Eighth Amendment argument.   This court certainly cannot engage in review of a speculative claim extrapolated from the meritless argument actually presented.


                   ***GROUND FOUR:***    Fifth and Fourteenth Amendment

                   Supporting Facts:    Petitioner was sentenced to multiple consecutive sentences which should have been merged.  Thus petitioner was multiply sentenced for the same offences (sic).

1:05 CV 1141                                    18

As presented to the Ohio Supreme Court, Banks argued that he was charged with involuntary manslaughter with the apparent predicate felony of failure to comply with the order of a police officer.  He was sentenced for the maximum term for involuntary manslaughter plus two years for failure to comply and he contends the offenses should have been merged.  He argued to the Ohio Supreme Court that this was a violation against the double jeopardy protection against cumulative punishment citing *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).  See Memorandum in Support of Jurisdiction, 2004 WL 5299928 at *13-14.  Respondent again counters that sentencing is a matter of state law and in this case, the state court's interpretation of the state law Ohio Rev. Code §2941.25.

The Fifth Amendment to the United States Constitution declares, "[n]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . ."  To repeat, the jeopardy clause provides three basic protections:

> [I]t protects against a second prosecution for the same offense after acquittal.
> It protects against a second prosecution for the same offense after conviction.
> And it protects against multiple punishments for the same offense.

*Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); and see *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 221, 53 L.Ed.2d 187 (1977).  However, regarding multiple punishments, the general rule from *Missouri v. Hunter* is that where the legislature has specifically authorized cumulative punishment under statutes which arguably proscribe the same conduct,  multiple punishment does not violate double jeopardy protections.  *Id.*, 459 U.S. at 368-69, 103 S.Ct. at 679.

1:05 CV 1141                                           19

In Ohio that legislative guidance comes from Ohio Rev. Code §2941.25 which provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied defenses of similar import, the indictment or information may contain counts of all such offenses, but the defendant may be convicted of only one."  The Ohio Supreme Court has stated the proper analysis is whether the "statutorily defined elements of offenses that are claimed to be of similar import are compared in the *abstract*."  *State v. Rance*, 85 Ohio St.3d 632, 1999 - Ohio - 291 (1999).  Syllabus (emphasis in original).  Under this analysis the state courts have held that failure to comply with an order or signal of a police officer and involuntary manslaughter constitute offenses of "dissimilar import" for purposes of Ohio Rev. Code §2945.25(B) since comparing their elements in the abstract indicates that they do not "'correspond to such a degree that the commission of one crime will result in the commission of the other.'" *State v. Hendrickson*, 2003 WL 264339, 2003 - Ohio - 611 (Ohio App. 2 Dist.), appeal not allowed, 99 Ohio St.3d 1413 (Table 2003) (quoting *Rance*, 85 Ohio St.3d at 638; and see *State v. Mason*, 2003 WL 22532865, 2003 - Ohio - 5974 (Ohio App. 6 Dist., at §§41-47, judgment affirmed, 105 Ohio St.3d 126 (2005).  The simple fact pointed out by the state decision in *Banks* is that one can disobey a police officer without killing another.  Involuntary manslaughter requires proof of the death of another in addition to proof of a predicate felony.  Obviously these were crimes of dissimilar import for which cumulative punishments are permitted.  Thus, going back to *Blockberger v. United States*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  *Id.*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

1:05 CV 1141                              20

Banks has failed to show that the Ohio state appellate decision was contrary to or an unreasonable application of federal law according to the Supreme Court of the United States.  See 28 U.S.C. §2254(d)(1).  Accordingly, Banks has failed to carry his burden with respect to the fourth ground.

### CONCLUSION AND RECOMMENDATION

Following review of the arguments raised in the petition and applicable law, Carlton Banks, Jr. has not demonstrated under his first ground that his custody is in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), or for purposes of his remaining three grounds that he was in custody pursuant to state court judgment that resulted from a decision that was contrary to or involved in an unreasonable application of federal law as determined by the Supreme Court of the United States, or is the result of a decision based on unreasonable interpretation of the facts in light of the evidence in this state court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  Moreover, Banks has shown no error resulting in denial of fundamental fairness or actual innocence of the petitioner.  Finally, there has been no demonstrated need for an evidentiary hearing and it is recommended that  the petition for habeas corpus relief under 28 U.S.C. §2254 be denied and dismissed.



　　　　　　　　　　s/James S. Gallas　　　　　　　
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified

1:05 CV 1141                                  21

time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: May 28, 2008