**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Carlton Banks, Jr.,** | ) | **CASE NO. 1:05 CV 1141** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Margaret Bradshaw,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 19) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Carlton Banks, Jr.**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner received a 15 year sentence following guilty pleas entered in two cases in the Cuyahoga County Common Pleas Court for crimes including possession of drugs, trafficking in drugs, involuntary manslaughter, failure to comply with order or signal of police officer and aggravated vehicular assault.  Petitioner raised four grounds for habeas relief.

Ground One alleges violations of the Sixth and Fourteenth Amendments in that petitioner was sentenced to enhanced terms of imprisonment when the maximum sentence was based on facts not alleged in the indictment or admitted by petitioner.  The Magistrate Judge rejected the argument that petitioner was actually sentenced as a repeat violent offender in the absence of the required specification in the indictment.  Petitioner asserts that this ground for relief involved more than the repeat offender issue.  Petitioner contends that the trial judge also inappropriately made its own factual findings with regard to petitioner's prior conduct and based the sentence on these facts.  However, this argument was presented in the second portion of petitioner's third ground for habeas relief which the Magistrate Judge found to be procedurally defaulted.  This Court agrees that petitioner defaulted this argument.

Ground Two asserts ineffective assistance of counsel.  Petitioner claims that he attempted to withdraw his pleas of guilty based upon ineffective assistance of counsel, which was denied.

He asserts that his counsel at the time of his plea had made an improper and inadequate investigation, and that petitioner lacked an understanding of the nature of the offense to which he was entering a plea of guilty.  The Magistrate Judge rejected this claim, finding that the state appellate court decision was not contrary to nor an unreasonable application of federal law.  For the following reasons, this Court agrees.

After petitioner was originally sentenced, he won a partial victory on appeal when it was decided that the matter be remanded for re-sentencing because the trial judge failed to provide any reasons on the record that consecutive sentences were not disproportionate to the severity of the conduct and the danger posed by the defendant. *State v. Banks*, 2002 WL 32059160 (Ohio 8th App. Dist. March 21, 2003).  Upon remand for re-sentencing, petitioner moved to withdraw his guilty pleas.  The trial court denied the motion and sentenced petitioner to a total of 15 years imprisonment.  On appeal, petitioner argued, *inter alia*, that he was denied due process when the trial court denied his motion.  The appellate court disagreed finding that none of the reasons offered by petitioner rose to the level of the required "manifest injustice."  *State v. Banks*, 2004 WL 1902376 (Ohio 8th App. Dist. August 26, 2004).  The appellate court stated, in part, that as it had already determined in the first appeal that petitioner was not denied effective assistance of counsel, this could not constitute a basis for manifest injustice.  *Id.*

In his first appeal, petitioner had argued that counsel was ineffective at *sentencing*, i.e., for failing to have the offenses of involuntary manslaughter and failure to comply merged, and for failing to object to a different judge conducting the sentencing than the one who had taken the plea.  *State v. Banks*, 2002 WL 32059160 at ¶¶ 49, 50. He did not claim that his pleas were uninformed, although he was represented on appeal both times by the same counsel. Petitioner

3

did not seek to withdraw his pleas until after the matter was remanded. The fact that petitioner did not contend that his pleas were involuntary and unintelligently entered after his plea agreement diminishes his argument that there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial.

Ground Three alleges a denial of the Sixth and Fourteenth Amendments in that petitioner was sentenced by a judge who did not accept the plea; the trial court made factual determinations without seeing or hearing any witnesses; and the trial court failed to impose a proportionate sentence. The Magistrate Judge addressed each of the three parts in turn.

The Magistrate Judge found the first part to be procedurally barred because petitioner did not raise this argument in his prior state appeals. He previously argued only that his counsel was deficient for failing to object to a different judge conducting the sentencing hearing. Petitioner does not demonstrate why this part is not procedurally defaulted, or why the default should be excused. The Court finds it to be barred from review herein.

The Magistrate Judge likewise found the second part to be procedurally barred. Petitioner only argues the merits of the claim and fails to show why it should be considered here. This part is also defaulted.

With regard to the third part, the Magistrate Judge recognized that proportionality review falls under the Eighth Amendment, not the Sixth. Petitioner does not object to this finding.

Ground Four alleges that the Fifth and Fourteenth Amendments were violated when petitioner was sentenced to multiple consecutive sentences which should have been merged. The Magistrate Judge determined that the state appellate decision was not contrary to federal law involving double jeopardy protection against cumulative punishment. This Court agrees.

The appellate court rejected petitioner's argument that he was denied his constitutional right against multiple punishments when the offense of involuntary manslaughter was not merged with the offense of failure to comply.[1] Petitioner was sentenced to a maximum term on the involuntary manslaughter and to a consecutive sentence of two years for failure to comply. The state court found that involuntary manslaughter and failure to comply with an order of a police officer are not allied offenses of similar import because the former requires causing the death of another as a proximate result of committing or attempting to commit a felony, and the latter does not require that the victim be killed or even injured. The court stated,

> Rather, violation of the particular code section with which defendant was charged requires only that the defendant's operation of the motor vehicle cause a substantial risk of serious physical harm... Failure to comply is only one of the many felonies that may support a charge of involuntary manslaughter. Because each offense requires proof of an element that the other does not, they are not allied offenses of similar import. In sum, involuntary manslaughter and failure to comply are not allied offenses because the commission of one will not automatically result in commission of the other.

*State v. Banks*, 2002 WL 32059160 at ¶ 40.

Petitioner argues that in this case the offense supporting the involuntary manslaughter charge was failure to comply with the order of a police officer and, therefore, he could not have committed the former without committing the latter. As such, he should not have been given multiple sentences. Petitioner presented the same argument to the state appellate court. (Doc. 6 Ex. 9) Petitioner has not demonstrated that the state court's decision was contrary to clearly

---

[1] Petitioner had fled in his vehicle when the police attempted to make a traffic stop on him. After a police chase, petitioner's vehicle eventually collided with two different vehicles. One occupant later died as a result of the injuries suffered in the crash; the other occupant suffered severe physical injuries. *State v. Banks*, 2002 WL 32059160.

established federal law.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine

whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/16/08